IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTWAN O'BRIAN LLOYD, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:14CV312 |
| | : | 1:12CR23-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**RESPONSE TO PETION UNDER 28 U.S.C. § 2255**

NOW COMES the United States of America in response to the motion of the petitioner, Antwan O'Brian Lloyd, under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and states the following:

Lloyd was indicted on January 31, 2012, and charged in Count One with possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in Count Two with possessing ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and in Count Three with maintaining a place for the distribution of a controlled substance in violation of 21 U.S.C. §§ 856(a)(1) and (b). He pled guilty to Counts One and Three on May 15, 2012, at which time he advised the court that he was fully satisfied with the services of his attorney. (May 15, 2012, Change of Plea Transcript, p. 13). In a judgment issued on November 14, 2012, Lloyd was sentenced to 120 months imprisonment on Count One with a consecutive 31 months imposed on Count Three. (Dkt. No. 11).

He appealed, but his motion to dismiss his appeal voluntarily was granted on April 11, 2013. (Dkt. Nos. 12, 24). He did not file his § 2255 petition until April 9, 2014, and a memorandum in support of his petition until April 21, 2014. (Dkt. Nos. 30, 32). The government has been ordered to respond. (Dkt. No. 31).

**Facts**

According to a factual basis filed at the time of Lloyd's guilty plea and to facts presented during his sentencing hearing, officers with the Scotland County Sheriff's Department executed a search warrant on March 25, 2011, at Lloyd's residence at 9100 Tartan Road, Laurinburg, N.C. after an informant had purchased cocaine base from him at the residence. Lloyd was at home during the search, and the officers found a .32 caliber handgun in a bedroom that contained a number of Lloyd's personal documents, including tax records. Ammunition was located throughout the house. Lloyd was advised of his rights and admitted he had been selling cocaine base for approximately "a year". Although Lloyd never admitted ownership of the firearm, he did acknowledge he knew it was in the house and that he had "handled" it on numerous occasions. Lloyd had previously been convicted of a felony punishable by more than one year of imprisonment. The firearm was found to be operable and had been manufactured outside the state of North Carolina. (Dkt. No. 9; August 21, 2012, Sentencing Transcript, p. 12).

In his petition, Lloyd presents four grounds for relief, each alleging ineffective assistance of counsel by his attorney, Mark A. Jones. However, a judgment was entered on November 14, 2012, and since Lloyd moved voluntarily to dismiss his appeal, no appeal was effectively taken. His conviction therefore became final on November 28, 2012. Pursuant to 28 U.S.C. § 2255(f)(1), Lloyd had one year until November 28, 2013, to file for post-conviction relief. Since the present petition was not filed until April 9, 2014, it is untimely and must be dismissed.

To demonstrate ineffective assistance of counsel, Lloyd must show that his attorney's performance fell below a reasonable standard for defense attorneys and that there is a reasonable probability that but for the attorney's incompetent performance, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-91 (1984). There is a strong presumption that an attorney's conduct fell within the permissible range of reasonable professional assistance. *Id.* at 689. Counsel is strongly presumed to have offered effective assistance, and a court should apply a "heavy measure of deference" to an attorney's decisions. *Id.* at 690-91. Relief for ineffective assistance of counsel can be granted only if a petitioner can show specific errors made by counsel. *United States v. Cronic,* 466 U.S. 648 (1984). A petitioner is not entitled to a hearing based upon unsupported conclusory

3

allegations. *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 298 (3rd Cir.), *cert denied,* 502 U.S. 902 (1991).

**Ground One:** In his first ground, Lloyd contends that Mr. Jones failed to investigate and challenge the government's claim that the residence searched in Laurinburg "was in Lloyd's name or his mother's name" and whether the firearm found during the search was his or someone else's. Lloyd essentially is attempting to challenge the sufficiency of the evidence to support his guilty plea, but "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense." *United States v. Willis,* 992 F. 2d 489, 490 (4th Cir. 1993). An informant purchased crack cocaine at the residence directly from Lloyd, providing probable cause for the search warrant. As he states in his attached affidavit, Mr. Jones fully discussed ownership of the residence with Lloyd and explained to him that the residence need not have been solely used to sell drugs to support the charge in Count Three. In addition, Lloyd stated that he lived at the house with his mother and told law enforcement officers that he had sold crack cocaine from the house on multiple occasions. Court records and items found during the search all connected Lloyd with the residence, and Mr. Jones had "several conversations" with local and state law enforcement authorities about Lloyd's use of the

4

residence to sell illegal drugs. (Jones Affidavit, Attachment A, p. 1-2).

Mr. Jones also addresses the claim concerning ownership of the firearm in his affidavit and states that he and Lloyd fully discussed any evidence concerning his possession of the weapon. Although the firearm was found under a mattress in a bedroom occupied by Lloyd's mother and not on Lloyd's person, Mr. Jones fully discussed the "pros and cons of proceeding to trial on Count One" with Lloyd and had "multiple conversations" with him concerning the concept of "constructive possession". *Id.* Lloyd even admitted to officers conducting the search that he was aware of the firearm and had handled it on several occasions. Nevertheless, Mr. Jones explained to Lloyd that it was more likely that he would be found guilty on Count Two rather than Count One since the ammunition was located throughout the house, but after "repeated discussions" Lloyd knowingly agreed to plead guilty to Count One in exchange for the dismissal of Count Two.

Mr. Jones filed a position paper for sentencing in which he presented Lloyd's argument that Lloyd's mother, the owner of the residence, possessed the firearm for her self-defense and kept it in her room. Mr. Jones argued at sentencing that a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) in paragraph 14 of the presentence report for possessing a firearm in connection with another offense should not be imposed because of the

5

mother's use and ownership of the residence. The district court agreed, striking the four-level enhancement. (August 21, 2012, Sentencing Transcript, p. 13). Mr. Jones therefore argued Lloyd's positions on ownership of the residence and the firearm vigorously and successfully, and there was absolutely nothing ineffective concerning his representation.

**Ground Two:** In his second ground, Lloyd contends Mr. Jones was ineffective in investigating and challenging the use of two prior state convictions to classify him as a career offender under U.S.S.G. § 4B1.1. He claims that both convictions resulted in sentences of less than one year contrary to *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011)(en banc). He first argues that his 2001 conviction in paragraph 31 of his presentence report for common law robbery (00CRS9277) should not count because the 15 to 18 month sentence imposed was suspended. He also contends that his 2009 conviction for possession with intent to distribute cocaine (08CRS50597) in paragraph 40 should not count despite being a Class H felony with a prior record level IV because he only received a 9 to 11 month sentence even though the maximum penalty in the presumptive range for this offense was 14 months.

However, Mr. Jones challenged the use of both convictions as career offender predicates in his position paper and during Lloyd's sentencing hearing. He argued extensively that neither

6

conviction was punishable by more than one year of imprisonment, as required by *Simmons*, but the district court disagreed and sentenced Lloyd as a career offender. (August 21, 2012, Sentencing Transcript, p. 11-12). Once again, Lloyd's real objection in his petition is to the outcome of his attorney's efforts on his behalf, and that does not constitute ineffectiveness of counsel under *Strickland*.

**Ground Three**: In his third ground, Lloyd alleges Mr. Jones was ineffective for not challenging the drug amounts charged in the presentence report relating to Count Three. As Mr. Jones makes clear in his attached affidavit, he and Lloyd "specifically discussed the fact that the drug weight calculations were based on his statement to law enforcement that he sold about a 'eight-ball' or so every month for about a year." (Jones Affidavit, Attachment A, p. 3). Mr. Jones believed this was sufficient evidence for the court to base Lloyd's offense level on 28 grams of crack, and also explained to Lloyd that this drug amount would be irrelevant at sentencing due to his classification as a career offender. *Id.* Even though no objection was made at sentencing to the drug amount, Mr. Jones represented Lloyd effectively and this Court should not second-guess Mr. Jones' strategy at the sentencing hearing. *See Goodson v. United States,* 564 F.2d 1071, 1072 (4th Cir. 1977)("Absent a showing that the tactical decision of counsel was so

7

unreasonable ... that it amounted to a deprivation of an attorney who acted within 'the range of competence demanded of attorneys in criminal cases', we are reluctant to second guess the tactics of trial lawyers.")(citation omitted). In addition, "[i]neffective assistance should not be found under [*Strickland*] when counsel fails to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made." *Garrett v. United States,* 78 F.3d 1296, 1303 n. 11 (8th Cir.), *cert. denied* 519 U.S. 956 (1996). Ground Three of Lloyd's petition also is completely lacking in merit.

**Ground Four**: In his fourth and final ground, Lloyd alleges that Mr. Jones was ineffective for failing to advise him of the consequences of his guilty plea, and specifically the amount of imprisonment he would receive. Mr. Jones directly refutes this accusation in his affidavit. When Lloyd entered his guilty plea on May 15, 2012, the district court advised him of the maximum penalties that applied by statute for each of the charges against him, and Lloyd responded that he fully understood those penalties. (May 15, 2012, Change of Plea Transcript, pp. 21-23). Before his plea, Mr. Jones discussed with Lloyd the potential sentence he would be facing and advised him that Counts One and Two had a ten-year mandatory maximum and that Count Three had a twenty-year maximum. (Jones Affidavit, Attachment A, p. 3). During his first meeting with Lloyd, Mr. Jones showed him the

8

guidelines sections covering career offenders and warned him he was going to be designated as a career offender. *Id.* He and Lloyd also consulted the guidelines sentencing table and determined the sentence he would receive as a career offender. *Id.* Even after explaining his potential sentence as a career offender, Mr. Jones "worked tirelessly" to obtain a downward departure for Lloyd on the basis of U.S.S.G. § 5K1.1 and Rule 35, Fed. R. Crim. P. *Id.* These efforts were successful, and Lloyd ultimately received a Rule 35 reduction. Mr. Jones did everything conceivable to make Lloyd aware of the possible penalties he faced and the full consequence of his guilty plea. Lloyd's fourth ground for relief is frivolous.

## Conclusion

Lloyd's § 2255 petition was not filed within the one-year limitation period and must be dismissed as untimely. He has failed completely to establish that Mr. Jones' performance fell below a reasonable standard for defense attorneys, much less that his representation adversely affected the sentence Lloyd received. To the contrary, Mr. Jones ably presented every conceivable argument on Lloyd's behalf and was even able to obtain a downward departure for him under Rule 35. Lloyd's petition is completely baseless and should be dismissed on the merits.

This the 3rd day of July 2014.

>Respectfully submitted,
>
>RIPLEY RAND
>UNITED STATES ATTORNEY
>
>
>/S/ HARRY L. HOBGOOD
>Assistant United States Attorney
>NCSB #6209
>United States Attorney's Office
>Middle District of North Carolina
>101 South Edgeworth Street
>Fourth Floor
>Greensboro, NC  27401
>Phone:  336/333-5351
>Harry.hobgood@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was mailed to the following non-participant:

Mr. Antwan O'Brian Lloyd
USP Big Sandy
PO Box 2068
Inez, KY 41224

                                  Respectfully submitted,

                                  RIPLEY RAND
                                  UNITED STATES ATTORNEY

                                  /S/ HARRY L. HOBGOOD
                                  Assistant United States Attorney
                                  NCSB #6209
                                  United States Attorney's Office
                                  Middle District of North Carolina
                                  101 South Edgeworth Street
                                  Fourth Floor
                                  Greensboro, NC  27401
                                  Phone:  336/333-5351