# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTWAN O'BRIAN LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12CR23-1 |
| | ) | 1:14CV312 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States
Magistrate Judge on Petitioner's Motion under 28 U.S.C. § 2255 to
Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion")
(Docket Entry 30) and his Motion to Supplement, Amend and/or Expand
[his] 2255 Motion ("Motion to Supplement") (Docket Entry 46).[1] For
the reasons that follow, the Court should deny relief.

## BACKGROUND

This Court (per Chief United States District Judge William L.
Osteen, Jr.) entered a Judgment against Petitioner imposing, inter
alia, consecutive prison terms of 120 and 31 months, as a result of
his guilty plea to Count One of his Indictment, which charged him
with possessing a firearm as a felon in violation of 18 U.S.C.
§ 922(g)(1), and Count Three of his Indictment, which charged him
with using a residence to distribute cocaine base in violation of

---

[1] Parenthetical citations refer to Petitioner's criminal case.

21 U.S.C. § 856(a)(1) & (b). (Docket Entry 11; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 8 (Plea Agreement); Docket Entry 21 (Plea Hrg. Tr.); Docket Entry 22 (Sent'g Hrg. Tr.).) Petitioner instituted, but then voluntarily dismissed a direct appeal. (<u>See</u> Docket Entries 12, 23.) He subsequently filed the instant Section 2255 Motion (Docket Entry 30), followed shortly by a brief (Docket Entry 32). The United States responded (Docket Entry 35)[2] and Petitioner replied (Docket Entry 37). Petitioner thereafter filed the instant Motion to Supplement. (Docket Entry 46.)

<u>DISCUSSION</u>

Petitioner's instant Section 2255 Motion identifies these four ineffective assistance of counsel claims:

1) "[p]rior to convincing [Petitioner] to plead guilty . . . [his] counsel failed to investigate and challenge the Government's [c]laim that the residence was in [Petitioner's] name or his mother's name . . . [and] failed to investigate whether the weapon

---

[2] In addition to opposing the instant Section 2255 Motion on the merits, the Response by the United States contends that, "since [Petitioner] moved voluntarily to dismiss his appeal, no appeal was effectively taken. His conviction therefore became final on November 28, 2012 [his appeal deadline]. Pursuant to 28 U.S.C. § 2255(f)(1), [Petitioner] had one year until November 28, 2013, to file for post-conviction relief. Since the [instant Section 2255 Motion] was not filed until April 9, 2014, it is untimely and must be dismissed." (Docket Entry 35 at 3.) The United States cited no authority for that position (<u>see</u> <u>id.</u>) and persuasive authority weighs against it, <u>see</u>, <u>e.g.</u>, <u>Courtney v. United States</u>, No. 4:07CR261JLH, 2011 WL 906644, at *2-6 (E.D. Ark. Mar. 16, 2011) (unpublished). Under these circumstances, the Court should decline to dismiss the instant Section 2255 Motion on limitations grounds.

for which [Petitioner] was convicted of possession was his own or someone elses [sic]" (Docket Entry 30, ¶ 12(Ground One)(a));

2) "counsel [was] direlect [sic] in his duty to investigate and later challenge Probations [sic] calculations in [Petitioner's] Presentence Investigative [sic] Report of [his] prior offenses which led to his higher sentencing, specifically in regard to two prior state convicitons that rendered sentences of less than one year" (id., ¶ 12(Ground Two)(a));

3) "[c]ounsel was ineffective in . . . fail[ing] to challenge the findings by the Presentence Report in regard to drug weights and amounts that led to [Petitioner's] conviction of Maintaining Drug Involved Premises" (id., ¶ 12(Ground Three)(a)); and

4) "counsel was ineffective for the failure of counsel to properly advise [Petitioner] of the consequences of his guilty plea and the amount of time for which [he] could be sentenced" (id., ¶ 12(Ground Four)(a)).[3]

As to these claims, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's

---

[3] Petitioner's instant Section 2255 Motion does not include additional "[s]upporting facts" for the above-quoted claims, but instead refers to his brief. (Docket Entry 30, ¶ 12(Ground One)(a), (Ground Two)(a), (Ground Three)(a), & (Ground Four)(a).)

3

representation is a most deferential one." <u>Harrington v. Richter</u>, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). Petitioner's instant Motion to Supplement proposes an additional claim, i.e., that "the intervening Supreme Court [r]uling of <u>Johnson v. United States</u> 13-7120 (2015) . . . leav[es him] as being innocent of the Career Enhancement and his current sentence as a violation of <u>Apprendi</u> and <u>Alleyne</u>." (Docket Entry 46 at 1 (one set of internal parentheses omitted).) Petitioner's claims lack merit.

### Grounds One & Four:  Guilty Plea Ineffectiveness

As quoted above, Grounds One and Four of the instant Section 2255 Motion assert ineffective assistance of counsel claims related to Petitioner's guilty plea.  (<u>See</u> Docket Entry 30, ¶ 12(Ground One)(a) & (Ground Four)(a).)  To support Ground Four, Petitioner's brief sets forth one factual allegation to show pre-plea ineffectiveness, i.e., that his counsel "never informed [Petitioner] of the possibility of receiving the amount of time to which the [C]ourt eventually sentenced [him]." (Docket Entry 32 at 20.)  Regarding Ground One, Petitioner's brief includes the following factual allegations concerning his counsel's purported ineffective assistance in connection with Petitioner's guilty plea:

1) "there was no evidence to prove that either [Petitioner] or his mother owned the house [identified in Count Three] or who paid the rent . . . [and t]his key element of the case was never

4

investigated by [Petitioner's] attorney, . . . but should have been prior to advising [Petitioner] to plead guilty" (id. at 9);

2) counsel "did not thoroughly investigate the incident that lead [sic] to the search of the home or the reasoning behind the Government's decision to charge [Petitioner] with maintaining a drug residence" (id.);[4]

3) counsel "did not investigate the fact the [sic] Government's claim stating that one rock of crack cocaine was purchased at a drug weight of .2 ounces from the residence a day prior to the search[; h]owever, in the [I]ndictment the Government claimed that .48 of an ounce was purchased" (id.);[5]

4) counsel "failed to verify who owned or was the [sic] responsible for the gun [charged in Count One]" (id. at 10); and

5) "[Petitioner's] mother was willing to testify to the fact that [Petitioner] was not the owner of the gun for which he was charged nor was he the responsible part [sic] for the house, however [counsel] never used the affidavit that [Petitioner's mother] signed nor advised [Petitioner] to go to court to challenge

---

[4] Petitioner's brief does not explain what an investigation into the incident that led to the search of the residence identified in Count Three or into the rationale behind the choice of the United States to charge Petitioner with Count Three would have shown, much less how such matters plausibly could have affected the outcome of the case. (See Docket Entry 32 at 9.)

[5] In fact, the Indictment makes no reference to any particular drug amount. (See Docket Entry 1.)

the gun charge" (<u>id.</u> at 10-11; <u>see also</u> <u>id.</u> at 11 ("[Petitioner's] mother prepared her own affidavit stating that the gun did not belong to [Petitioner].").

The foregoing allegations do not entitle Petitioner to relief because the record reflects that he entered a knowing and voluntary guilty plea to Counts One and Three, pursuant to (A) a written Plea Agreement that accurately described the potential penalties (<u>see</u> Docket Entry 8) and (B) a judicial colloquy that fully satisfied Federal Rule of Criminal Procedure 11(b) (<u>see</u> Docket Entry 21). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." <u>United States v. Lemaster</u>, 403 F.3d 216, 221 (4th Cir. 2005) (internal brackets, citations, ellipses, and quotation marks omitted). "Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements." <u>Id.</u> at 221-22. Petitioner has shown no such extraordinary circumstances and his guilty plea ineffectiveness claims therefore fail as a matter of law.[6]

---

[6] As concerns Ground Four, Petitioner's Plea Agreement noted the applicability of maximum prison terms of 10 years on Count One and 20 years on Count Three. (Docket Entry 8, ¶ 2.a. & c.)  At his
(continued...)

Moreover, in light of the nature of the claims in Grounds One and Four (i.e., pre-plea ineffectiveness), "to satisfy [Strickland's] 'prejudice' requirement, [Petitioner] must show that there is a reasonable probability that, but for counsel's errors,

---

[6](...continued)
guilty plea hearing, Petitioner swore he read and understood his Plea Agreement. (Docket Entry 21 at 8, 14.) Further, after the Court (per Chief Judge Osteen) reiterated those penalties and explained the possibility of consecutive sentences on Counts One and Three, Petitioner confirmed his understanding. (Id. at 22-24.) Accordingly, Petitioner cannot maintain an ineffective assistance claim predicated on alleged ignorance of the Court's authority to impose consecutive prison terms of 120 and 31 months on Counts One and Three. Similarly, Petitioner cannot obtain relief based on his above-described allegations (supporting Ground One) that his counsel inadequately investigated various matters, given Petitioner's representation under oath that he "fully discussed the charges contained in the [I]ndictment and the case in general with [his] attorney" (id. at 12 (emphasis added)), that he and his counsel "discussed any possible defenses [he] might have" (id. (emphasis added)), as well as that he was "fully satisfied with the services of [his] attorney and his counsel, representation, and advice" (id. at 13 (emphasis added)). Nor has Petitioner shown that any proposed investigation would have revealed a viable defense. For example, an absence of evidence that Petitioner or his mother owned or paid rent for the house at issue in Count Three would not have altered Petitioner's culpability for using that house to distribute drugs (as charged in Count Three (Docket Entry 1 at 2)). See United States v. McKinney, 3 F. Supp. 3d 664, 672 (E.D. Mich. 2014) ("The plain language of [Section 856(a)(1)] only requires proof that the defendant use any place for [a drug-related] purpose . . . ." (internal ellipses and quotation marks omitted)). Likewise, investigation into the ownership of the firearm charged in Count One (or any testimony from Petitioner's mother on that subject) would not have exculpated Petitioner because "Section 922(g)(1) requires possession, not ownership of the gun." United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994); accord United States v. Ramsey, 56 F. App'x 140, 141 (4th Cir. 2003); United States v. Hubbard, 61 F.3d 1261, 1272 (7th Cir. 1995); United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993); United States v. Loveland, No. 1:11CR13, 2011 WL 4857943, at *5 (W.D.N.C. Oct. 13, 2011) (unpublished).

he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has made no such showing, instead offering bald declarations that, with more investigation or more discussion of the sentence he faced, he would have gone to trial. (Docket Entry 32 at 13, 20.)

Such conclusory allegations do not suffice. See Peacock v. Sherry, No. 07-12215, 2009 WL 2900701, at *1 (E.D. Mich. Sep. 3, 2009) (unpublished) ("[The p]etitioner's conclusory statement that he would have insisted on going to trial absent his counsel's ineffective representation falls well short of the standard required to state an ineffective-assistance claim in the plea-bargain context."); Simon v. McDonough, No. 3:05CV396/RV/EMT, 2007 WL 4181030, at *12 (N.D. Fla. Nov. 20, 2007) (unpublished) ("Conclusory, self-serving, after-the-fact statements that [the p]etitioner would not have pled and would have insisted on going to trial do not meet [Strickland's prejudice] requirement."); see also Cano v. United States, Nos. 1:05CR354-4, 1:09CV321, 2009 WL 3526564, at *3 (M.D.N.C. Oct. 22, 2009) (unpublished) (Dietrich, M.J.) ("[The petitioner] make[s] general reference to investigating the matter further and offering evidence, but has provided nothing to show that more investigation would have produced a different result. [He] has provided only conclusory allegations which meet neither the error nor the prejudice prong of the Strickland

analysis."), <u>recommendation adopted</u>, slip op. (M.D.N.C. Dec. 29, 2009) (Beaty, C.J.).[7]

Accordingly, the Court should deny relief on Grounds One and Four of Petitioner's instant Section 2255 Motion.

<u>Grounds Two & Three:  Sentencing Ineffectiveness</u>

Grounds Two and Three of Petitioner's Section 2255 Motion attack the representation he received at sentencing as follows:

1) "counsel [was] direlect [sic] in his duty to investigate and later challenge Probations [sic] calculations in [Petitioner's] Presentence Investigative [sic] Report of [his] prior offenses which led to his higher sentencing, specifically in regard to two

_____

[7] Petitioner's Reply states that, in an affidavit filed with the Response by the United States, his counsel "concede[d] that it was more likely that [Petitioner] would be convicted on Count Two (2) rather than Count One (1)." (Docket Entry 37 at 2.)  Said Reply then asserts that Petitioner's counsel "should have never advised [Petitioner] to plead guilty to a charge [Petitioner's counsel] believed [Petitioner] was innocent of." (<u>Id.</u>; <u>see also id.</u> at 3 (complaining that Petitioner's counsel "advise[d Petitioner] to plead guilty to a charge which [Petitioner's counsel] believed could not be proved").)  The placement of higher odds on a jury returning a guilty verdict on Count Two than on Count One does not manifest a belief in Petitioner's innocence of Count One.  Moreover, a review of the affidavit of Petitioner's counsel reveals nothing to support an assertion that he perceived Petitioner as innocent of Count One or the United States as lacking sufficient evidence to convict Petitioner of Count One.  (<u>See</u> Docket Entry 35-1.)  In any event, at his plea hearing, Petitioner swore that he was "in fact" guilty of Count One (Docket Entry 21 at 34) and, based on a written Factual Basis (Docket Entry 9), to which Petitioner agreed, the Court (per Chief Judge Osteen) found "that [Petitioner's] plea of guilty [wa]s supported by an independent basis in fact containing each of the essential elements of the offense" (Docket Entry 21 at 36).

prior state convictions that rendered sentences of less than one year" (Docket Entry 30, ¶ 12(Ground Two)(a)); and

2) "[c]ounsel was ineffective in . . . fail[ing] to challenge the findings by the Presentence Report in regard to drug weights and amounts that led to [Petitioner's] conviction of Maintaining Drug Involved Premises" (id., ¶ 12(Ground Three)(a)).

The record refutes Ground Two; specifically, Petitioner's sentencing position paper and the sentencing hearing transcript conclusively show that his counsel scrupulously investigated the sentencing implications of Petitioner's prior convictions and zealously contested the Presentence Report's conclusion (nonetheless ultimately adopted by the Court (per Chief Judge Osteen)) that two North Carolina convictions for which Petitioner did not <u>receive</u> an active prison term exceeding a year still constituted felony predicates for Career Offender status under U.S.S.G. § 4B1.1, because the North Carolina court(s) could have imposed such a sentence in those prior cases. (<u>See</u> Docket Entry 10 at 1-4; Docket Entry 22 at 2, 4-12.)[8]  Indeed, Petitioner's brief

_____

[8] "A defendant is a [C]areer [O]ffender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).  Petitioner's counsel argued that, pursuant to <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), Petitioner's prior convictions under
(continued...)

concedes as much.  (See Docket Entry 32 at 15 ("[Petitioner] had two prior convictions which did not exceed one year in prison time and, which were argued at length by [his counsel] with the Court overruling [those] objections.  To his credit, [Petitioner's counsel] did vociferously object to [Petitioner] being enhanced by two prior convictions, neither for which did [he] serve for one year or more in prison as is required by law.").)

"[T]he Court['s] rul[ing] against [P]etitioner on this issue does not prove that [his] counsel was ineffective."  Banks v. United States, Nos. 5:08CV162, 5:05CR30, 2010 WL 3855065, at *21 (N.D.W. Va. July 21, 2010) (unpublished), recommendation adopted, 2010 WL 3854426 (N.D.W. Va. Sept. 29, 2010), appeal dismissed, 439 F. App'x 234 (4th Cir. 2011).  To the contrary, Petitioner's counsel could not have prevailed on this issue (and thus Petitioner cannot establish any related ineffective assistance), as the United States Court of Appeals for the Fourth Circuit has made it clear

_____

[8](...continued)
North Carolina law identified in his Presentence Report as Career Offender predicates did not qualify as felonies, despite the fact "that a hypothetical defendant's sentence, at the top of the presumptive range for the same class of offense and with the same prior record level, might be in excess of a year."  (Docket Entry 10 at 3.)  The Court (per Chief Judge Osteen) "overrule[d] th[at] objection and f[ou]nd that under Simmons and subsequent precedent [from] the Fourth Circuit  . . . -- in determining the statutory maximum for [a prior North Carolina] conviction, [federal courts must] use the presumptive range for the class of felony within the appropriate criminal history category [applied to the defendant by the North Carolina court]."  (Docket Entry 22 at 11.)

that the classification of a prior conviction as a felony "does not
depend on the sentence a defendant <u>actually received</u> but on the
maximum sentence that he <u>could have received</u>," <u>United States v.</u>
<u>Kerr</u>, 737 F.3d 33, 39 n.8 (4th Cir. 2013) (internal brackets and
quotation marks omitted) (emphasis added).[9]

As to Ground Three, Petitioner's brief states that "it was the
responsibility of [his counsel] to investigate, verify, and contend
for a correct drug weight . . . ." (Docket Entry 32 at 16.) In
response, Petitioner's counsel averred the following:

> [T]he drug weight calculations [in the Presentence
> Report] were based on [Petitioner's] statement to law
> enforcement that he sold about a 'eight-ball' or so every
> month for about a year. . . . [Petitioner's counsel]

---

[9] To the extent Petitioner's brief argues for a contrary
result based on <u>Descamps v. United States</u>, ___ U.S. ___, 133 S. Ct.
2276 (2013) (<u>see</u> Docket Entry 32 at 14-15), that argument falls
short, because <u>Descamps</u> did not address when a prior conviction
qualifies as a felony; rather, <u>Descamps</u> "reiterated the
elements-centric approach for determining whether a prior
conviction constitutes a crime of violence," <u>United States v.</u>
<u>Rosas-Rosas</u>, 547 F. App'x 271, 272 (4th Cir. 2013). The contention
(within the section of Petitioner's Reply devoted to Ground Two)
that his "[c]ounsel clearly should have argued that judicial fact-
finding violates the Sixth Amendment" (Docket Entry 37 at 4)
similarly fails, because the Sixth Amendment "forbid[s] judicial
fact[-]finding only where it would increase the maximum *statutory*
sentence or *mandatory* guidelines sentencing range. Here, the
[Court's] fact[-]finding did not change the statutory range
. . . . [It] did affect Petitioner's range under the United States
Sentencing Guidelines. However, those Guidelines had already been
rendered advisory by [<u>United States v. Booker</u>, 543 U.S. 220
(2005),] well prior to Petitioner's sentencing . . . ." <u>Pate v.</u>
<u>United States</u>, Nos. 1:10CV585, 1:06CR478-3, 2011 WL 2470120, at *3
(M.D.N.C. Mar. 17, 2011) (unpublished) (Sharp, M.J.) (italics in
original), <u>recommendation adopted</u>, 2011 WL 2462208 (M.D.N.C. June
20, 2011) (unpublished) (Tilley, S.J.).

> believed that this [statement] would likely be sufficient
> evidence for the [] [C]ourt to find at sentencing that
> the offense involved at least 28 grams of crack cocaine.
> Moreover, the drug weight calculations . . . were
> ultimately irrelevant because [Petitioner] was a Career
> Offender. [Petitioner's counsel] strategically chose not
> [to] challenge the drug weight calculations in the
> [Presentence Report] because [he] believed this to be a
> frivolous argument, especially in light of [Petitioner's]
> confession and Career Offender designation.

(Docket Entry 35-1 at 3.) Petitioner's Reply does not dispute that his Career Offender status rendered moot the drug weight findings in his Presentence Report; instead, said Reply contends that, if Petitioner's challenge to the Career Offender determination succeeded, the drug weight issue would become relevant. (See Docket Entry 37 at 6-7.) However, for reasons discussed above in connection with Ground Two (as well as below in relation to the instant Motion to Supplement), Petitioner's attack on his Career Offender designation lacks merit. Accordingly, Ground Three also provides no basis for relief. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel was not constitutionally ineffective in failing to object [if] . . . it would have been futile for counsel to have done so . . . .").[10]

---

[10] The section of Petitioner's brief addressing Ground Three also invokes Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), and DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (2011). (Docket Entry 32 at 16-19.) Because Ground Three attacks determinations under the advisory Guidelines, Petitioner cannot rely on Alleyne, "[a]s *Alleyne* had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F.

(continued...)

13

Simply put, Petitioner's claims based on his counsel's handling of sentencing issues fail as a matter of law.

## Motion to Supplement

The instant Motion to Supplement seeks to add a claim that "the intervening Supreme Court [r]uling of <u>Johnson v. United States</u>[, ___ U.S. ___, 135 S. Ct. 2551] (2015) that removed the Residual Clause in its entirety, therefore, leav[es] [Petitioner] as being innocent of the Career Enhancement and his current sentence as a violation of <u>Apprendi</u>[ v. New Jersey, 530 U.S. 466 (2000),] and <u>Alleyne</u>[ v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013)]." (Docket Entry 46 at 1 (one set of internal parentheses omitted); <u>see also</u> <u>id.</u> at 2 ("Consequently, because of

---

[10](...continued)
App'x 167, 179-80 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 135 S. Ct. 385 (2014), and ___ U.S. ___, 135 S. Ct. 313 (2014); <u>United States v. Allen</u>, 567 F. App'x 175, 177 n.2 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 135 S. Ct. 300 (2014); <u>United States v. Hailey</u>, 563 F. App'x 229, 231 (4th Cir. 2014). Nor does <u>DePierre</u> afford Petitioner an avenue for sentencing relief. <u>See</u> <u>Martin v. United States</u>, Civ. Action No. RWT-12-1588, Crim. No. RWT-04-235, 2015 WL 751363, at *2 (D. Md. Feb. 20, 2015) (unpublished) ("The Supreme Court held in *DePierre* that the term 'cocaine base' in 18 U.S.C. § 841(b)(1)(A)(iii) referred to all forms of cocaine that could chemically be described as basic cocaine, and not just the form commonly known as 'crack cocaine.' *DePierre*'s holding means that more substances are considered 'cocaine base,' and are thus subject to harsher penalties for possession with intent to distribute, relative to quantity, than powder cocaine. In other words, the effect of *DePierre* is to broaden, not narrow, the subset of cocaine substances that are subject to higher sentences. Thus, application of *DePierre* could only lead to a higher sentence for a defendant. It is of no use to a defendant seeking to lower her sentence." (internal citation and footnote omitted)).

the Supreme Court's intervening ruling of <u>Johnson</u>, . . . [P]etitioner's Common Law Robberies are no longer qualified as predicates under the ACCA [Armed Career Criminal Act] nor the Career Offender regimes and therefore, his current sentence as it stands violates both <u>Apprendi</u> and <u>Alleyne</u> because they have raised the floor and exceeded the maximum allowable punishment under the 922(g) statutory penalty of 10 years.").) This claim thus asserts that (A) <u>Johnson</u> precludes courts from applying the residual clause of the Sentencing Guidelines' definition of "crime of violence," U.S.S.G. § 4B1.2(a)(2) (encompassing any felony that "involves conduct that presents a serious potential risk of physical injury to another"), and (B) without resort to that clause, Petitioner's North Carolina common law robbery convictions do not support his designation as a Career Offender. For at least three reasons, the Court should deny as futile Petitioner's attempt to pursue such a <u>Johnson</u> claim, <u>see</u> <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility of amendment" warrants denial of leave to amend in Section 2255 context).[11]

_____

[11] Any aspect of the instant Motion to Supplement's proffered claim that relies on <u>Apprendi</u> or <u>Alleyne</u> also qualifies as futile. As documented in the Background section, Petitioner received a prison sentence of 120 months on Count One (within the ten-year imprisonment statutory maximum for Section 922(g)(1) offenses, <u>see</u> 18 U.S.C. § 924(a)(2)) and a consecutive term of 31 months in prison on Count Three (within the 20-year imprisonment statutory maximum for Section 856(a)(1) offenses, <u>see</u> 21 U.S.C. § 856(b)). "Because [he] was sentenced [at or] below the statutory maximums on
(continued...)

First, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a fundamental defect which inherently results in a complete miscarriage of justice are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir.) (internal quotation marks omitted), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Here, the Court (per Chief Judge Osteen) "sentenced [Petitioner] within the statutory limits, and while the [C]areer [O]ffender designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself — then or now. Therefore, [the Court is] simply not presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 943 (internal brackets, citation, and quotation marks omitted); see also id. at 940 ("[W]e conclude Appellant's career offender designation was not a fundamental defect that

---

[11](...continued)
each count, his [Apprendi] argument is without merit." United States v. McKoy, 498 F. App'x 369, 371 (4th Cir. 2012); accord United States v. Miller, 372 F. App'x 358, 358–59 (4th Cir. 2010). Similarly, because this proposed claim attacks Petitioner's designation as a Career Offender under the Sentencing Guidelines, his invocation of Alleyne falls flat, "[a]s Alleyne had no effect on Guidelines enhancements," United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Benn, 572 F. App'x 167, 179–80 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 385 (2014), and ___ U.S. ___, 135 S. Ct. 313 (2014); United States v. Allen, 567 F. App'x 175, 177 n.2 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 300 (2014); United States v. Hailey, 563 F. App'x 229, 231 (4th Cir. 2014).

inherently results in a complete miscarriage of justice."), 941 ("[T]o the extent Appellant argues that he is 'actually innocent' of being a career offender, the Supreme Court has yet to stretch [the] concept [of sentencing enhancement innocence] to non-capital sentencing, and we will not do so here.").

Second, even if Petitioner's challenge to his Career Offender designation constituted a claim cognizable on collateral review, it would fail as a matter of law because:

> [t]he Supreme Court's decision in *Johnson* — in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA")[, 18 U.S.C. § 924(e)(2)(B)(ii)] — does *not* control this [case]. [Petitioner] was sentenced as a [C]areer [O]ffender [under U.S.S.G. § 4B1.1] based not on the ACCA's residual clause, but based on express language in the Sentencing Guidelines classifying [his] offense as a "crime of violence." *Johnson* says and decided nothing about [C]areer-[O]ffender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying [Petitioner's] status as a [C]areer [O]ffender.

Beckles v. United States, No. 13-13569, 2015 WL 5692334, at *1 (11th Cir. Sept. 29, 2015) (unpublished) (italics in original); see also U.S.S.G. § 4B1.2, cmt. (n.1) ("'Crime of violence' includes . . . robbery . . . ."); United States v. McConnell, 149 F. App'x 183, 184 (4th Cir. 2005) ("The prior convictions at issue were for kidnapping and common law robbery. Both are listed in the guidelines as 'crimes of violence.' USSG § 4B1.2, comment. (n.1). Thus, any claim that [those] convictions were not for crimes of violence is meritless." (internal brackets omitted)); United States

v. Cotton, No. 7:15CR21FL, 2015 WL 4757560, at *1 (E.D.N.C. Aug. 12, 2015) (unpublished) ("[The d]efendant submits that the days of the career offender enhancement's own residual clause are numbered, given that courts rely on precedents interpreting the career offender enhancement and the ACCA interchangeably. The court disagrees. [The d]efendant's argument misapprehends the scope of the 'void for vagueness' doctrine applied in *Johnson*. The advisory Sentencing Guidelines are not susceptible to vagueness challenges because they do not proscribe conduct. Rather, the advisory Guidelines serve merely as a guide to assist the sentencing judge in fashioning an appropriate sentence within the statutorily permissible range." (internal citation omitted)), appeal filed, No. 15-4480 (4th Cir. Aug. 13, 2015).

Third, assuming (A) Petitioner could collaterally contest his Career Offender status, (B) Johnson's invalidation of the residual clause of the ACCA's definition of "violent felony" also vitiated the residual clause of the "crime of violence" definition in the Sentencing Guidelines, and (C) it mattered not that pertinent commentary in the Sentencing Guidelines expressly identifies robbery as a "crime of violence," Petitioner's North Carolina common law robbery convictions remain crimes of violence under the part of the Sentencing Guidelines' definition known as the "'force clause' -- which covers crimes that have 'as an element the use, attempted use, or threatened use of physical force against the

18

person of another,'" <u>United States v. Shell</u>, 789 F.3d 335, 341 (4th Cir. 2015) (quoting U.S.S.G. § 4B1.2(a)(1)). <u>See</u> <u>United States v. Manning</u>, 564 F. App'x 723, 726 (4th Cir. 2014) (stating that "robbery . . . has as an offense element in . . . North Carolina 'the use, attempted use, or threatened use of physical force against the person of another'" (quoting U.S.S.G. § 4B1.2(a)) (citing <u>State v. Carter</u>, 186 N.C. App. 259, 263, 650 S.E.2d 650, 653 (2007))); <u>United States v. Lewis</u>, 538 F. App'x 321, 322 (4th Cir. 2013) (ruling that North Carolina common law robbery constitutes violent felony under ACCA and citing <u>United States v. Presley</u>, 52 F.3d 64, 69 (4th Cir. 1995), which (A) observed that Virginia adopted "common law definition of robbery . . . defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation," and (B) held that: "Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, [Virginia] robbery convictions were properly used as predicates under ACCA." (internal quotation marks omitted)); <u>United States v. Bowden</u>, 975 F.2d 1080, 1082 (4th Cir. 1992) (declaring that, in North Carolina, "common-law robbery plainly has as an element the use, attempted use, or threatened use of physical force against the person of another" (internal quotation marks omitted) (citing <u>State v. Herring</u>, 322 N.C. 733, 739-40, 370 S.E.2d 363, 368

19

(1988))); <u>Williams v. United States</u>, Nos. 1:12CR110, 1:14CV832, 2015 WL 277672, at *2 (M.D.N.C. Jan. 22, 2015) (unpublished) (Auld, M.J.) ("'[T]here is no ambiguity that all convictions for common law robbery under North Carolina law qualify under the ACCA as "violent felonies" as all such convictions have as an essential element the taking from "another by means of force or fear."'" (quoting <u>Caldwell v. United States</u>, No. 3:14CV348MOC, 2014 WL 2986025, at *1 (W.D.N.C. July 2, 2014) (unpublished)) (internal brackets omitted)), <u>recommendation adopted</u>, slip op. (M.D.N.C. Apr. 23, 2015) (Eagles, J.); <u>Thomas v. United States</u>, Nos. 1:10CV694, 1:07CR419-1, 2011 WL 2489764, at *2 (M.D.N.C. Mar. 16, 2011) (unpublished) (Sharp, M.J.) ("[A]ttempted common law robbery in North Carolina is a crime involving the use, attempted use, or threatened use of force against the person of another . . . ." (citing <u>State v. Parker</u>, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988))), <u>recommendation adopted</u>, 2011 WL 2463753 (M.D.N.C. June 21, 2011) (unpublished) (Beaty, C.J.); <u>State v. Elkins</u>, 210 N.C. App. 110, 113-14, 707 S.E.2d 744, 748 (2011) ("The elements of common-law robbery are 'the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.' . . . The element of force, which requires proof of a taking either by violence or putting the victim in fear, may be 'actual or constructive.'" (quoting <u>State v. Smith</u>, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982), and <u>State v. Sipes</u>,

233 N.C. 633, 635, 65 S.E.2d 127, 128 (1951), respectively)); State v. Harris, 186 N.C. App. 437, 439-40, 650 S.E.2d 845, 847 (2007) (holding, as to force element of common law robbery, that "'actual force implies personal violence' . . . sufficient to induce the victim to part with his or her property" and "[c]onstructive force includes any demonstration of force that puts the victim in fear to the extent that he or she is induced to part with the property" (quoting and citing State v. Sawyer, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944)) (internal alteration omitted)); see also Carter v. United States, 530 U.S. 255, 275 (2000) (Ginsburg, J., dissenting) ("At common law, robbery meant larceny *plus* force, violence, or putting in fear." (italics in original)).

In the face of the foregoing authority, the instant Motion to Supplement asserts that "[t]he Fourth Circuit has consistently and uniformily [sic] held that the [sic] Common Law Robbery does not match or fit any other provision except the Residual Clause pursuant to both 4b1.1 and 4b1.2 in wake [sic] of 924(e)(2)(b)(ii) for at least the last 22 years." (Docket Entry 46 at 1 (citing United States v. Carmichael, 408 F. App'x 769 (4th Cir. 2011), United States v. Woods, 169 F. App'x 790 (4th Cir. 2006), United States v. Fonville, 5 F.3d 781 (4th Cir. 1993), Newby v. United States, Nos. 4:07CR51FL, 4:12CV42FL, 2015 WL 1824246 (E.D.N.C. Apr. 21, 2015), appeal filed, No. 15-6714 (4th Cir. May 11, 2015), and Mann v. United States, Nos. 5:08CR296D, 5:12CV470D, 2013 WL 5356878

21

(E.D.N.C. Sept. 24, 2013)).) The above citations to (and quotations from) <u>Manning</u>, <u>Lewis</u>, <u>Presley</u>, and <u>Bowden</u>, however, disprove that assertion and (together with the other previously cited and quoted authority) establish that North Carolina's common law robbery offense satisfies the force clause of the definition of crime of violence in the Sentencing Guidelines.

Further, of the three Fourth Circuit opinions cited by Petitioner (i.e., <u>Carmichael</u>, <u>Woods</u>, and <u>Fonville</u>), only one actually questions whether North Carolina's common law robbery offense comes within the reach of the force clause of the crime of violence definition in the Sentencing Guidelines and/or of the ACCA's violent felony definition, <u>see</u> <u>Carmichael</u>, 408 F. App'x at 770 ("Although [common law robbery in North Carolina] does not <u>necessarily</u> have as an element the use, attempted use, or threatened use of physical force against the person of another, . . . it qualifies as a violent felony under the residual clause in § 924(e)(2)(B)(ii) . . . ." (internal quotation marks omitted) (emphasis added)).[12] As to the remaining two (<u>Woods</u> and <u>Fonville</u>):

---

[12] Moreover, the <u>Carmichael</u> Court neither confronted the published authority of <u>Bowden</u> and <u>Presley</u>, which indicates that North Carolina's common law robbery offense meets the terms of the force clause, nor otherwise offered a reasoned basis for doubting that conclusion. <u>See</u> <u>Carmichael</u>, 408 F. App'x at 770. Given that fact and the other persuasive authority on point, <u>Carmichael</u> does not provide an adequate foundation to deem common law robbery in North Carolina inconsistent with the force clause.

22

1) one declares that a "North Carolina common law robbery conviction qualifie[s] as a crime of violence for purposes of designating [the defendant] as a career offender," with a citation that does not distinguish between the applicable force and residual clauses, Woods, 169 F. App'x at 791 (citing "U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2(a) & cmt n.1 (2004)"); see also U.S.S.G. § 4B1.2(a) (2004) (setting forth force clause in paragraph (1) and residual clause in paragraph (2)); and

2) the other states that North Carolina convictions for common law robbery and breaking and entering of a residence "are crimes of violence pursuant to U.S.S.G. § 4B1.2(1)(i), (ii) and app. n.2," Fonville, 5 F.3d at 784 n.8; see also id. at 782 n.1 ("The 1991 United States Sentencing Guidelines are applicable to [the defendant's] sentencing and all references are to that version."), manifesting the court's view that common law robbery constitutes a crime of violence under the force clause, then located at U.S.S.G. § 4B1.2(1)(i) (1991), because the residential breaking and entering offense clearly falls under the other cited provision, see U.S.S.G. § 4B1.2(1)(ii) (1991) (listing "burglary of a dwelling").

Nor do the two district court opinions referenced in the instant Motion to Supplement (Newby and Mann) lend persuasive force to Petitioner's thesis that the residual clause has represented the exclusive mechanism for recognizing North Carolina's common law robbery offense as a violent felony under the ACCA or a crime of

23

violence under the Sentencing Guidelines.  In the older of the two, the court simply stated that "North Carolina common law robbery is a violent felony under the ACCA" and then cited Carmichael and United States v. Hutchinson, 149 F. App'x 214 (4th Cir. 2005). Mann, 2013 WL 5356878, at *5.  As previously noted, Carmichael focuses on the residual clause; however, Hutchinson relies on two of the above-discussed, force clause-based decisions (Bowden and Presley) to conclude that North Carolina common law robbery constitutes a violent felony under the ACCA, see Hutchinson, 149 F. App'x at 215-16.  Mann thus embraces the notion that common law robbery in North Carolina satisfies both the force and residual clauses of the ACCA's definition of a violent felony.

The other district court opinion on which Petitioner relies does assert that "federal courts consistently have held that the crime of common law robbery under North Carolina law falls under the residual clause of the definition of a violent felony," Newby, 2015 WL 1824246, at *5; however, other than Carmichael, the cases cited for that proposition (i.e., Woods, Fonville, Williams, Caldwell, and Mann, see id.) do not actually support it.  Instead, as shown in the preceding discussion, those cases either rule that common law robbery in North Carolina comes within the reach of the force clause of the ACCA's violent felony definition and/or the crime of violence definition in the Sentencing Guidelines or fail

24

to make clear whether said offense meets the terms of the force clause, the residual clause, and/or both such clauses.

In sum, Petitioner's proposed claim challenging his Career Offender designation based on the Supreme Court's recent <u>Johnson</u> decision fails as futile, due to the non-cognizability of such claims on collateral review, as well as <u>Johnson</u>'s inapplicability to this case (particularly given the Sentencing Guidelines commentary expressly labeling robbery a crime of violence and the overwhelming weight of authority establishing that North Carolina's common law robbery offense satisfies the force clause portion of the definition of crime of violence in the Sentencing Guidelines).

<u>CONCLUSION</u>

Petitioner has not shown entitlement to relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 30) and his Motion to Supplement, Amend and/or Expand [his] 2255 Motion (Docket Entry 46), be denied without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 9, 2015